IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RODNEY BLACK, <br> B86195, <br><br>                  Plaintiff, <br><br> vs. <br><br> ROB JEFFREYS, <br> ANTHONY WILLS, <br> WEXFORD HEALTH SOURCE, INC., <br> DR. SIDDIQUI, <br> N.P.A. DEARMOND, <br> ANGELA CRAIN. <br><br>                  Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br> Case No. 21-cv-1118-DWD |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

       Plaintiff Rodney Black, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff claims the defendants violated his rights by taking his continuous positive airway pressure machine (CPAP machine) from September of 2020 through May of 2021. He seeks monetary relief.

       Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on about September 20, 2020, an individual from the healthcare general warehouse came to his cell and retrieved his CPAP machine. (Doc. 1 at 7). He alleges that he used the machine for sleep apnea and chronic obstructive pulmonary disease (COPD). Plaintiff alleges that he filed grievances, and nurse sick call slips to address the issue. He was informed that his CPAP machine was taken because the CDC recommended that the machines not be used in open-air cells. He alleges that Defendant Dearmond told him on December 18, 2020, that if he was willing to move to a cell with a solid door, he could have his CPAP machine back. He alleges that on January 6, 2021, he filed a grievance to seek such a transfer, or to seek alternative treatments for his sleep apnea. Without his CPAP machine, Plaintiff alleges that he woke up gagging, with an elevated heart rate, struggling to breath. He alleges that he has underlying health problems, blockage in his heart, high blood pressure, diabetes, COPD and sleep apnea, so the defendants should not have taken his CPAP machine during the pandemic.

In closing, Plaintiff alleges that Defendants Jeffreys and Wills violated his Eighth Amendment rights by having actual knowledge that his CPAP machine was taken and that he was not given other medical care. (Doc. 1 at 8). As to Wexford, Plaintiff alleges that Wexford violated his Eighth Amendment rights by failing to ensure that the

treatment of inmates and provision of care was properly implemented. Plaintiff alleges that Defendant Dearmond violated his rights by failing to assign him to a closed-door cell so that he could get his CPAP machine back. Finally, as to Defendant Crain, Plaintiff claims that Crain violated his Eighth Amendment rights by failing to ensure that he got appropriate care.

In support of his complaint, Plaintiff attached two grievances. The first, dated October 20, 2020, indicates that Dr. Siddiqui and Defendant Dearmond diagnosed him with sleep apnea and COPD, but his CPAP machine was taken from his cell. (Doc. 1 at 27). He claimed he had been struggling to breath, and that he had filed multiple nurse sick call slips to no avail. He sought to see a nurse, a nurse practitioner, a doctor, and then a pulmonologist as Wexford's procedures required. A responsive memorandum to the grievance signed by Defendants Siddiqui and Crain confirmed that the CPAP machine was taken per CDC guidelines, and it indicated Plaintiff should use nurse sick call slips if he had issues. (Doc. 1 at 28). Based on the memorandum, both the counselor and the grievance officer concluded that the grievance was appropriately addressed by healthcare and was moot. (Doc. 1 at 27, 33).

In the second grievance, dated January 6, 2021, Plaintiff alleged that on December 18, 2020, he spoke with Defendant Dearmond about his CPAP machine and she told him he could have the machine back if he agreed to housing behind a closed door (not bars). (Doc. 1 at 30). Plaintiff alleges that he told her he would agree to any circumstances because without the machine he was waking up in the middle of the night choking. (*Id.* at 31). Defendants Siddiqui and Crain drafted a second responsive memorandum to this

grievance. (Doc. 1 at 32). In the memorandum, Crain alleges that Plaintiff did not speak with Dearmond about his CPAP in December of 2020, but he saw Siddiqui at COPD chronic clinic on February 1, 2021, and Siddiqui concluded that his COPD was stable. Crain alleged that Plaintiff had not submitted a medical permit for housing in a closed-door cell to allow his CPAP machine, but Crain scheduled him for the medical line to be evaluated for said placement. It was also noted that Plaintiff should use the nurse sick call line for further issues. Based on the memorandum, the counselor and grievance officer again declared Plaintiff's grievance moot. (Doc. 1 at 29, 30).

      The court designates the following Claims, based on the Amended Complaint:

**Claim 1:**    **Eighth Amendment deliberate indifference claim against Defendant Dearmond regarding Plaintiff's CPAP machine;**

**Claim 2:**    **Eighth Amendment deliberate indifference claim against Defendant Crain regarding the handling of Plaintiff's grievances about his need for his CPAP machine.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

### Preliminary Dismissals

      In the master caption of his Complaint, Plaintiff listed Dr. Siddiqui as a defendant and crossed him out, but on page 3 he listed Siddiqui again. (Doc. 1 at 1, 3). Regardless

of whether or not Plaintiff intended to state a claim against Siddiqui, his complaint has failed to state an adequate claim because he did not identify personal actions Siddiqui took that caused him harm. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("individual liability under § 1983…requires personal involvement in the alleged constitutional deprivation"). Accordingly, the Court will dismiss Siddiqui without prejudice because Plaintiff failed to state an adequate claim against him.

Likewise, the Court will dismiss the claims against Defendants Jeffreys and Wills because the claims are overly generic. Without discussing either defendant in the factual narrative, Plaintiff concludes in the legal allegation section that these two defendants had "actual knowledge that [his] CPAP machine was taken and nothing was given in replacement." To hold a prison supervisor liable for a medical condition, a plaintiff is required to establish that the defendant had actual knowledge of the medical condition and the inadequate medical care through detailed grievances or correspondence, and that the official failed to exercise his or her authority to rectify the situation. *See e.g. Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015). Bare legal assertions without factual elaboration are not sufficient to state a claim. *See e.g., Twombly*, 550 U.S. at 555. Here, Plaintiff made the bare allegation that Jeffreys and Wills had actual knowledge of his medical need, but he does not support this with an explanation of what gave them knowledge, nor does he allege how they personally failed to exert their authority to remedy the situation. Plaintiff's complaint is insufficient as to Jeffreys and Wills, so they will be dismissed without prejudice.

The Court will also dismiss Defendant Wexford Health Source, Inc., because Plaintiff's claim that Wexford failed to provide adequate care is generic and is not specifically connected to his personal allegations. Wexford, a private corporation, cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014); *see also Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Thus, under *Monell*, for Plaintiff to recover from Wexford, he must show that the alleged constitutional violation was caused by: (1) an express policy that caused a constitutional deprivation when enforced; (2) a widespread practice that was so permanent and well-settled that it constituted a custom or practice; or (3) a person with final policymaking authority. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). In other words, a plaintiff must show that "systematic and gross deficiencies in …[IDOC's] medical care system," caused his injury, and also that "a policymaker or official knew about these deficiencies and failed to correct them." *Daniel v. Cook Cty.*, 833 F.3d 728, 735 (7th Cir. 2016). Alternatively, a plaintiff must show that "the unlawful practice was so pervasive that acquiescence on the part of policymakers was apparent and amounted to a policy decision." *Dixon v. Cty. Of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). Here, Plaintiff has no factual allegations concerning a violative policy or custom. In the complete absence of specific allegations, Plaintiff has failed to state a valid claim.

Analysis

Claim 1 is sufficient to proceed against Defendant Dearmond for the alleged failure to assist Plaintiff in securing his CPAP machine after complaints that he could not sleep and awoke struggling to breath at night.

Claim 2 is also sufficient to proceed against Defendant Crain for her role in reviewing and responding to Plaintiff's healthcare needs.  Defendant Crain is the Healthcare Unit Supervisor.  Although prison supervisors are not responsible for the misdeeds of their employees, a defendant can state a claim against a supervisor for his or her own role in facilitating, approving, condoning, or turning a blind eye to unconstitutional conduct.  Plaintiff alleges that Crain was aware of his health needs and she failed to act.  His grievances and supporting documents show Crain's involvement in his care.  This is enough to proceed beyond initial review.  Accordingly, Claim 2 shall proceed against Defendant Crain.

Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives initial screening as described above against Defendant Dearmond.  **Claim 2** survives screening as to Defendant Crain.  All claims against Defendants Jeffreys, Wills, Wexford Health Source, Inc. and Siddiqui are insufficient, so the Clerk is **DIRECTED** to **TERMINATE** these parties.

The Clerk of Court is **DIRECTED** to prepare for Defendants Dearmond and Crain: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a

copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

Dated: March 25, 2022

DAVID W. DUGAN
United States District Judge

Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some

relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.